**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **RICHARD O. THOMPSON, KURT W. THOMPSON, AND KAY ALYSON THOMPSON,** | ) | |
| **Plaintiffs, Counterclaimants Defendants** | ) | **Civil No. 2006-224** |
| **v.** | ) | |
| **FLORIDA WOOD TREATERS, INC.,** | ) | |
| **Defendant, Counter Claimant.** | ) | |
| **FLORIDA WOOD TREATERS, INC.,** | ) | |
| **Third Party Plaintiff,** | ) | |
| **v.** | ) | |
| **COASTAL SUPPLY, INC.,** | ) | |
| **Third Party Plaintiff.** | ) | |

**ATTORNEYS:**

**Ronald W. Belfon, Esq.**
Ronald Belfon P.C.
St. Thomas, U.S.V.I.
*for Richard O. Thompson, Kurt W. Thompson, and Kay Alyson Thompson,*

**H.A. Curt Otto, Esq.**
Law Office H.A. Curt Otto, P.C.
St. Croix, U.S.V.I.
*for Coastal Supply, Inc.*

**Christian A. Peterson, Esq.**
**Todd H. Newman, Esq.**
**Samuel T. Grey, Esq.**
Nichols Newman Logan & Grey, P.C.
St. Croix, U.S.V.I.
*for Florida Wood Treaters, Inc.*

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion filed by Florida Wood Treaters, Inc. ("FWT") for attorney's fees and costs from Richard O. Thompson, Kurt W. Thompson, and Kay Alyson Thompson ("the Thompsons").

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action commenced on December 7, 2006, when the Thompsons filed this action for injunctive relief. Specifically, they sought injunctive relief requiring FWT to release a mortgage lien on the subject property and prohibiting FWT from claiming any interest in the property. They further sought a declaratory judgment that FWT's lien on the property was extinguished. The Thompsons also sought damages for slander of title and for lost rental income based on their inability to rent the property while it was impaired by a potential foreclosure.

FWT filed a foreclosure counterclaim against the Thompsons. FWT claimed that it had an outstanding, valid lien on the subject property.

FWT then filed a motion to bring a third party complaint against Coastal Supply, Inc., in compliance with V.I. CODE ANN. tit. 28, § 532. FWT claimed that Coastal Supply held a lien junior to FWT's on the property. That motion was granted.

Coastal Supply filed a cross claim seeking foreclosure of the property to satisfy its lien.

FWT then sought summary judgment on its foreclosure counterclaim as well as against the Thompsons on all of their claims -- for injunctive relief, declaratory judgment, and slander of title. Coastal Supply also sought summary judgment against the Thompsons on its foreclosure cross claim.

By memorandum opinion and order filed December 6, 2009, the Court granted summary judgment for FWT on its claims in the amount of $892,431.81, and against the Thompsons on all of their claims. The Thompsons appealed. The United States Court of Appeals for the Third Circuit affirmed.

FWT now seeks attorney's fees in the amount of $285,846.99. FWT seeks costs in the amount of $12,341.73. In support of its fee and cost petition, FWT has submitted the affidavits of two of its attorneys. It has also submitted a report detailing its claimed fees and costs. The Thompsons oppose.[1]

[1] The Thompsons argue in their opposition to the instant fee petition that the petition was not timely and should thus be denied. This Court entered its Summary Judgment on December 6, 2009. Pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i), a fee petition must, "[u]nless a statute or court order provides otherwise," "be filed no later than 14 days after the entry of judgment." According to Fed. R. Civ. P. 6(a)(1)(C), "the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." The deadline for filing the fee petition fell on Sunday, December 20, 2009. As such, the petition was due by Monday, December 21, 2009. FWT filed it petition on that date. Thereafter, the Clerk of the Court instructed that FWT re-file its petition in conformity with the applicable local rule. Pursuant to that instruction, FWT filed an identical, yet conforming, petition on Tuesday, December 22, 2009. The Court finds that FWT's petition was timely filed. To the extent that the petition was not timely filed, the Court finds that any delay in filing the petition was harmless.

## II. DISCUSSION

Title 5, section 541 of the Virgin Islands Code provides:

Costs which may be allowed in a civil action include:

> (1) Fees of officers, witnesses, and jurors;
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
> (5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and
> (6) Attorney's fees as provided in subsection (b) of this section.

V.I. CODE ANN. tit. 5, § 541(a) (1986). The statute further provides: "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id.* at (b).

To determine a fair and reasonable award of attorney's fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service, and the certainty of compensation. *Lempert v. Singer*, Civ. No. 1990-200, 1993 U.S. Dist. LEXIS 19923, at *5 (D.V.I. December 30, 1993); *see also Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998).

Reasonable attorney's fees may include charges for work that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986).

## II. ANALYSIS

Applying the standard outlined above, the Court finds that some of the $285,846.99 in attorney's fees and $12,341.73 in costs claimed by FWT were not reasonably expended.

FWT requests reimbursement for work that was billed excessively. For instance, FWT filed an opposition to the Thompsons' motion to strike FWT's motion for summary judgment. FWT seeks approximately $5,750 for its efforts. The 4.5 page opposition to the motion to strike, though discussing legal authority regarding the Thompsons' motion to strike, consisted largely of a recitation of the docket. Such instances of excessive billing will be reduced. *See, e.g., Gulfstream III Assocs., Inc.*, 995 F.2d at 422 (noting a "district court's power to reduce the fee award by excluding time as excessive [or] duplicative . . . .")

Additionally, fee reductions may be necessary when billing records offered in support of a fee petition are not sufficiently specific. Extensive documentation is not required

in order for a party to provide a district court with sufficient information. Rather, "specificity should only be required to the extent necessary for the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Washington*, 89 F.3d at 1037 (*quoting Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990)).

> [A] fee petition should include some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations …. However it is not necessary to note the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.

*Rode*, 892 F.2d at 1190 (quoting *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).

The Third Circuit addressed the specificity of fee petitions in *Tenafly v. Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 F. App'x 93 (3d Cir. 2006) (unpublished). In that case, the Circuit addressed whether an appellant's fee petition that listed such entries as "Attn to brief" and "Attn to reply" provided the requisite level of specificity. The Court reasoned that, while greater specificity may be favored, such entries were "sufficiently clear to allow us to know the tasks to which [the appellant's attorney] devoted his time." *Tenafly*, 195 F. App'x at 100. Nonetheless, the Circuit found that two entries

describing the activities of the appellant's attorney did not measure up to the "sufficiently clear" standard. Specifically, the Circuit found that an entry for "attn to papers" and an entry for "attn to status" did not "provide any indication to what 'papers' or 'status' [the appellant's attorney] was attending." *Id*.

Here, several of FWT's entries fail to provide enough detail for the Court's review. Entries such as, "Review articles" and "Review correspondence" are similar to the entries found to be deficient by the Third Circuit in *Tenafly*. Entries that fail to provide information about the subject of the action taken by an attorney will be excluded.

The Court also notes that a few of the entries feature a list of varied activities. For instance, there is an entry with the following detail:

> Work on Joint Pretrial Statement; work on proposed Jury Instructions; work on Pretrial Memorandum on disputed issues of law; telephone conference with Attorney S. Grey regarding pretrial issues; e-mail correspondence to opposing counsel regarding the Joint Pretrial Statement; telephone conference with S. Rose regarding pretrial issues

(11/13/2009 Matter Ledger Report for Petersen, Christian A., ECF No. 124-4). The entry shows 4.7 hours billed at a value of $1,856.50. The lumping of activities in this way is disfavored. *See Good Timez, Inc. v. Phoenix Fire and Marine Ins. Co.*, 754 F.

Supp. 459, 463 n.6 (D.V.I. 1991). To the extent that the Court considers the time associated with a lumped entry to exceed the time reasonable for the completion of those various tasks, the Court will reduce the fees associated with such entries.

FWT also seeks indemnification for conferences and communications between its own attorneys and legal staff. Several courts have acknowledged that civil rights cases may especially require the engagement of multiple attorneys. *See, e.g., Tenafly*, 195 F. App'x at 99 (noting that approximately 140 hours spent on meetings and conference calls was not intrinsically unreasonable in light of the complexity of the case and numerous parties involved); *Gay Officers Action League v. Puerto Rico*, 247 F. 3d 288, 297 (1st Cir. 2001) ("[C]ourts must be careful not to throw out the baby with the bath water. Given the complexity of modern litigation, the deployment of multiple attorneys is sometimes an eminently reasonable tactic.") However, this is not such a case. While some of FWT's time entries do not yield examples of patently needless conferencing between attorneys and legal staff, the Court does find excessive some of the intra-office conferences between the attorneys and staff representing FWT and will reduce or exclude entries associated with such conferences. *See Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998) ("Multiple lawyer

conferences, not involving opposing counsel . . . involve duplicative work.”); *Staples v. Ruyter Bay Land Partners, LLC*, Civ. No. 2005-11, 2008 U.S. Dist. LEXIS 9359, at *5 (D.V.I. Feb. 6, 2008).

The Court also notes that while this matter did not wholly involve run-of-the mill debt and foreclosure claims, the issues were not novel, but, rather, “*relatively* commonplace.” *See Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 463 (D.V.I. 1991) (emphasis added) (“In computing what is a reasonable award of attorney’s fees in a particular case, the court should consider, among other things, the novelty and complexity of the issues presented in that case.”) (citing *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168 (3d Cir. 1973)). Consequently, the Court will reduce the fee award to reflect those facts. *See Home Depot, U.S.A. v. Bohlke Int’l Airways*, Civ. No. 1998-102, 2001 U.S. Dist. LEXIS 6935, at *1-2 (D.V.I. Apr. 30, 2001) (“The decision whether to award attorneys’ fees to a prevailing party is entirely within the Court’s discretion.”) (internal citation omitted).

FWT seeks a total of $12,341.73 in reimbursed costs. Some of the expenses associated with those costs are unreasonably sought. For instance, of the total amount requested, FWT seeks

to recover approximately $5,250 in costs for expenses generically described as "Computer Research." The Court will use its discretion to reduce such costs to an amount that it considers reasonable.

## IV. CONCLUSION

The Court will reduce the fee and cost award to reflect the circumstances outlined above. *See Home Depot, U.S.A. v. Bohlke Int'l Airways,* Civ. No. 1998-102, 2001 U.S. Dist. LEXIS 6935, at *1-2 (D.V.I. Apr. 30, 2001) ("The decision whether to award attorney's fees to a prevailing party is entirely within the Court's discretion." (internal citation omitted)).

The premises considered, it is hereby

**ORDERED** that the Thompsons are jointly and severally liable to FWT for attorney's fees in the amount of $194,338.80; and it is further

**ORDERED** that the Thompsons are jointly and severally liable to FWT for costs in the amount of $5,230.30.

**S__________________**
**CURTIS V. GÓMEZ**
**Chief Judge**