DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| RICHARD O. THOMPSON, KURT W. THOMPSON, AND KAY ALYSON THOMPSON, | ) ) ) ) | |
| Plaintiffs, Counterclaimants Defendants | ) ) ) | Civil No. 2006-224 |
| | ) | |
| v. | ) ) | |
| FLORIDA WOOD TREATERS, INC., | ) ) | |
| Defendant, Counter Claimant. | ) ) ) | |
| FLORIDA WOOD TREATERS, INC., | ) ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| COASTAL SUPPLY, INC., | ) ) | |
| Third Party Plaintiff. | ) ) | |

ATTORNEYS:

**Ronald W. Belfon, Esq.**
Ronald Belfon P.C.
St. Thomas, U.S.V.I.
     *for Richard O. Thompson, Kurt W. Thompson, and Kay Alyson Thompson,*

**H.A. Curt Otto, Esq.**
Law Office H.A. Curt Otto, P.C.
St. Croix, U.S.V.I.
     *for Coastal Supply, Inc.*

**Christian A. Peterson, Esq.**
**Todd H. Newman, Esq.**
**Samuel T. Grey, Esq.**
Nichols Newman Logan & Grey, P.C.
St. Croix, U.S.V.I.
     *for Florida Wood Treaters, Inc.*

*Thompson v. Florida Wood Treaters*
Civil No. 2006-224
Memorandum Opinion and Order
Page 2

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is the motion filed by Florida Wood

Treaters, Inc. ("FWT") for attorney's fees and costs from

Richard O. Thompson, Kurt W. Thompson, and Kay Alyson Thompson

("the Thompsons").

**I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

This action commenced on December 7, 2006, when the

Thompsons filed this action for injunctive relief. Specifically,

they sought injunctive relief requiring FWT to release a

mortgage lien on the subject property and prohibiting FWT from

claiming any interest in the property. They further sought a

declaratory judgment that FWT's lien on the property was

extinguished. The Thompsons also sought damages for slander of

title and for lost rental income based on their inability to

rent the property while it was impaired by a potential

foreclosure.

FWT filed a foreclosure counterclaim against the Thompsons.

FWT claimed that it had an outstanding, valid lien on the

subject property.

FWT then filed a motion to bring a third party complaint

against Coastal Supply, Inc., in compliance with V.I. CODE ANN.

tit. 28, § 532. FWT claimed that Coastal Supply held a lien

junior to FWT's on the property. That motion was granted.

*Thompson v. Florida Wood Treaters*
Civil No. 2006-224
Memorandum Opinion and Order
Page 3

Coastal Supply filed a cross claim seeking foreclosure of the property to satisfy its lien.

FWT then sought summary judgment on its foreclosure counterclaim as well as against the Thompsons on all of their claims -- for injunctive relief, declaratory judgment, and slander of title. Coastal Supply also sought summary judgment against the Thompsons on its foreclosure cross claim.

By memorandum opinion and order filed December 6, 2009, the Court granted summary judgment for FWT on its claims in the amount of $892,431.81, and against the Thompsons on all of their claims. The Thompsons appealed. The United States Court of Appeals for the Third Circuit affirmed.

FWT now seeks attorney's fees in the amount of $285,846.99. FWT seeks costs in the amount of $12,341.73. In support of its fee and cost petition, FWT has submitted the affidavits of two of its attorneys. It has also submitted a report detailing its claimed fees and costs. The Thompsons oppose.[1]

---

[1] The Thompsons argue in their opposition to the instant fee petition that the petition was not timely and should thus be denied. This Court entered its Summary Judgment on December 6, 2009. Pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i), a fee petition must, "[u]nless a statute or court order provides otherwise," be filed no later than 14 days after the entry of judgment." According to Fed. R. Civ. P. 6(a)(1)(C), "the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." The deadline for filing the fee petition fell on Sunday, December 20, 2009. As such, the petition was due by Monday, December 21, 2009. FWT filed it petition on that date. Thereafter, the Clerk of the Court instructed that FWT re-file its petition in conformity with the applicable local rule. Pursuant to that instruction, FWT filed an identical, yet conforming, petition on Tuesday, December 22, 2009. The Court finds that FWT's petition was timely filed. To the extent that the petition was not timely filed, the Court finds that any delay in filing the petition was harmless.

*Thompson v. Florida Wood Treaters*
Civil No. 2006-224
Memorandum Opinion and Order
Page 4

## II. <u>DISCUSSION</u>

Title 5, section 541 of the Virgin Islands Code provides:

Costs which may be allowed in a civil action include:

> (1) Fees of officers, witnesses, and jurors;
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
> (5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and
> (6) Attorney's fees as provided in subsection (b) of this section.

V.I. CODE ANN. tit. 5, § 541(a) (1986). The statute further provides: "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id.* at (b).

To determine a fair and reasonable award of attorney's fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service, and the certainty of compensation. *Lempert v. Singer*, Civ. No. 1990-200, 1993 U.S. Dist. LEXIS 19923, at *5 (D.V.I. December 30, 1993); *see also Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998).

*Thompson v. Florida Wood Treaters*
Civil No. 2006-224
Memorandum Opinion and Order
Page 5

Reasonable attorney's fees may include charges for work that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986).

## II. <u>ANALYSIS</u>

Applying the standard outlined above, the Court finds that some of the $285,846.99 in attorney's fees and $12,341.73 in costs claimed by FWT were not reasonably expended.

FWT requests reimbursement for work that was billed excessively. For instance, FWT filed an opposition to the Thompsons' motion to strike FWT's motion for summary judgment. FWT seeks approximately $5,750 for its efforts. The 4.5 page opposition to the motion to strike, though discussing legal authority regarding the Thompsons' motion to strike, consisted largely of a recitation of the docket. Such instances of excessive billing will be reduced. *See, e.g., Gulfstream III Assocs., Inc.*, 995 F.2d at 422 (noting a "district court's power to reduce the fee award by excluding time as excessive [or] duplicative . . . .")

Additionally, fee reductions may be necessary when billing records offered in support of a fee petition are not sufficiently specific. Extensive documentation is not required

in order for a party to provide a district court with sufficient

information. Rather, "specificity should only be required to the

extent necessary for the district court 'to determine if the

hours claimed are unreasonable for the work performed.'"

*Washington*, 89 F.3d at 1037 (*quoting Rode v. Dellarciprete*, 892

F.2d 1177, 1190 (3d Cir. 1990)).

> [A] fee petition should include some fairly definite
> information as to the hours devoted to various general
> activities, e.g., pretrial discovery, settlement
> negotiations …. However it is not necessary to note
> the exact number of minutes spent nor the precise
> activity to which each hour was devoted nor the
> specific attainments of each attorney.

*Rode*, 892 F.2d at 1190 (quoting *Lindy Bros. Builders, Inc. of*

*Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d

161, 167 (3d Cir. 1973)).

The Third Circuit addressed the specificity of fee

petitions in *Tenafly v. Eruv Ass'n, Inc. v. Borough of Tenafly*,

195 F. App'x 93 (3d Cir. 2006) (unpublished). In that case, the

Circuit addressed whether an appellant's fee petition that

listed such entries as "Attn to brief" and "Attn to reply"

provided the requisite level of specificity. The Court reasoned

that, while greater specificity may be favored, such entries

were "sufficiently clear to allow us to know the tasks to which

[the appellant's attorney] devoted his time." *Tenafly*, 195 F.

App'x at 100. Nonetheless, the Circuit found that two entries

*Thompson v. Florida Wood Treaters*
Civil No. 2006-224
Memorandum Opinion and Order
Page 7

describing the activities of the appellant's attorney did not

measure up to the "sufficiently clear" standard. Specifically,

the Circuit found that an entry for "attn to papers" and an

entry for "attn to status" did not "provide any indication to

what 'papers' or 'status' [the appellant's attorney] was

attending." *Id*.

Here, several of FWT's entries fail to provide enough

detail for the Court's review. Entries such as, "Review

articles" and "Review correspondence" are similar to the entries

found to be deficient by the Third Circuit in *Tenafly*. Entries

that fail to provide information about the subject of the action

taken by an attorney will be excluded.

The Court also notes that a few of the entries feature a

list of varied activities. For instance, there is an entry with

the following detail:

> Work on Joint Pretrial Statement; work on proposed
> Jury Instructions; work on Pretrial Memorandum on
> disputed issues of law; telephone conference with
> Attorney S. Grey regarding pretrial issues; e-mail
> correspondence to opposing counsel regarding the Joint
> Pretrial Statement; telephone conference with S. Rose
> regarding pretrial issues

(11/13/2009 Matter Ledger Report for Petersen, Christian A., ECF

No. 124-4). The entry shows 4.7 hours billed at a value of

$1,856.50. The lumping of activities in this way is disfavored.

*See Good Timez, Inc. v. Phoenix Fire and Marine Ins. Co.*, 754 F.

Supp. 459, 463 n.6 (D.V.I. 1991). To the extent that the Court

considers the time associated with a lumped entry to exceed the

time reasonable for the completion of those various tasks, the

Court will reduce the fees associated with such entries.

FWT also seeks indemnification for conferences and

communications between its own attorneys and legal staff.

Several courts have acknowledged that civil rights cases may

especially require the engagement of multiple attorneys. *See,*

*e.g., Tenafly*, 195 F. App'x at 99 (noting that approximately 140

hours spent on meetings and conference calls was not

intrinsically unreasonable in light of the complexity of the

case and numerous parties involved); *Gay Officers Action League*

*v. Puerto Rico*, 247 F. 3d 288, 297 (1st Cir. 2001) ("[C]ourts

must be careful not to throw out the baby with the bath water.

Given the complexity of modern litigation, the deployment of

multiple attorneys is sometimes an eminently reasonable

tactic.") However, this is not such a case. While some of FWT's

time entries do not yield examples of patently needless

conferencing between attorneys and legal staff, the Court does

find excessive some of the intra-office conferences between the

attorneys and staff representing FWT and will reduce or exclude

entries associated with such conferences. *See Morcher v. Nash*,

32 F. Supp. 2d 239, 241 (D.V.I. 1998) ("Multiple lawyer

*Thompson v. Florida Wood Treaters*
Civil No. 2006-224
Memorandum Opinion and Order
Page 9

conferences, not involving opposing counsel . . . involve

duplicative work."); *Staples v. Ruyter Bay Land Partners, LLC*,

Civ. No. 2005-11, 2008 U.S. Dist. LEXIS 9359, at *5 (D.V.I. Feb.

6, 2008).

The Court also notes that while this matter did not wholly

involve run-of-the mill debt and foreclosure claims, the issues

were not novel, but, rather, "*relatively* commonplace." *See Good

Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459,

463 (D.V.I. 1991) (emphasis added) ("In computing what is a

reasonable award of attorney's fees in a particular case, the

court should consider, among other things, the novelty and

complexity of the issues presented in that case.") (citing *Lindy

Bros. Builders v. American Radiator & Standard Sanitary Corp.*,

487 F.2d 161, 168 (3d Cir. 1973)). Consequently, the Court will

reduce the fee award to reflect those facts. *See Home Depot,

U.S.A. v. Bohlke Int'l Airways*, Civ. No. 1998-102, 2001 U.S.

Dist. LEXIS 6935, at *1-2 (D.V.I. Apr. 30, 2001) ("The decision

whether to award attorneys' fees to a prevailing party is

entirely within the Court's discretion.") (internal citation

omitted).

FWT seeks a total of $12,341.73 in reimbursed costs. Some

of the expenses associated with those costs are unreasonably

sought. For instance, of the total amount requested, FWT seeks

*Thompson v. Florida Wood Treaters*
Civil No. 2006-224
Memorandum Opinion and Order
Page 10

to recover approximately $5,250 in costs for expenses

generically described as "Computer Research." The Court will use

its discretion to reduce such costs to an amount that it

considers reasonable.

### IV. <u>CONCLUSION</u>

The Court will reduce the fee and cost award to reflect the

circumstances outlined above. *See Home Depot, U.S.A. v. Bohlke*

*Int'l Airways,* Civ. No. 1998-102, 2001 U.S. Dist. LEXIS 6935, at

*1-2 (D.V.I. Apr. 30, 2001) ("The decision whether to award

attorney's fees to a prevailing party is entirely within the

Court's discretion." (internal citation omitted)).

The premises considered, it is hereby

**ORDERED** that the Thompsons are jointly and severally liable

to FWT for attorney's fees in the amount of $194,338.80; and it

is further

**ORDERED** that the Thompsons are jointly and severally liable

to FWT for costs in the amount of $5,230.30.

S\_____

                **CURTIS V. GÓMEZ**
                **Chief Judge**